UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

HARVEY THOMAS and SHARON THOMAS, )
)
    Plaintiffs, )
)
v. ) No. 3:18-CV-269-TAV-DCP
)
WYNDHAM WORLDWIDE OPERATIONS, )
INC., et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion to Deem Requests for Admissions to Plaintiffs Admitted [Doc. 26].[1] The parties appeared before the Court on June 16, 2019, for a motion hearing. Attorney Aubrey Givens appeared on behalf of Plaintiffs. Attorney Jamie Ballinger Holden appeared on behalf of Defendants. Accordingly, for the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion [**Doc. 26**].

## I. POSITIONS OF THE PARTIES

Pursuant to Federal Rule of Civil Procedure 36, Defendants request that their First Set of Requests for Admission ("Requests for Admission") to Plaintiffs be deemed admitted for all purposes. For grounds, Defendants state that they served Plaintiffs with the Requests for

---

[1] The Court notes that similar motions were filed in nine other cases, including *Amos v. Wyndham, et al.*, No. 3:18-CV-260; *Bauer v. Wyndham, et al.*, No. 3:18-cv-262; *Fray v. Wyndham, et al.*, 3:18-CV-263; *Fulcher v. Wyndham, et al.*, 3:18-CV-264; *Helmly v. Wyndham, et al.*, No. 3:18-CV-266; *Miles v. Wyndham, et al.*, No. 3:18-CV-267; *Schnarr v. Wyndham, et al.*, No. 3:18-CV-268; *Willson v. Wyndham*, No. 3:18-CV-270; and *Wilson v. Wyndham, et al.*, No. 3:18-CV-271.

1

Admission on or about September 25, 2018, rendering the response due on or about October 25, 2018. Defendants state that as of the date of the Motion (i.e., January 17, 2019), Plaintiffs had not served Defendants with a written answer or objections. Defendants submit that because more than thirty (30) days have passed since Plaintiffs were served with the Requests for Admission, the unanswered Requests for Admission are deemed admitted under Rule 36.

Plaintiffs filed a Response in opposition to the Motion. Plaintiffs state that they have responded to the first thirteen (13) Requests for Admission. Plaintiffs state that the remaining unanswered Requests for Admission are improper and fail to comply with the Federal Rules of Civil Procedure. Plaintiffs state that Defendants' multiple Requests for Admission should have been served as interrogatories because requests for admission are used to establish facts and not to discover them. Further, Plaintiffs state that Defendants propounded an unreasonable number of Requests for Admission and that Defendants could not have reasonably expected that the Requests for Admission would be admitted. In addition, Plaintiffs state that such abusive discovery tactics can constitute a violation of the Tennessee Rules of Professional Conduct  Finally, Plaintiffs submit that if any Requests for Admission should be deemed admitted, they should be limited to those that go towards establishing a fact.

Defendants reply that in their Requests for Admission, they sought an admission that Plaintiffs signed the contract at issue, used the points from timeshare purchases and other timeshare benefits, or spoke to certain timeshare relief companies. Defendants state that Plaintiffs have not provided any explanation as to why they failed to respond to the Requests for Admission within the time permitted under Rule 36. Defendants state that Rule 36 is self-executing and maintain that the Requests for Admission should be deemed admitted.

## II. ANALYSIS

The Court has considered the parties' filings and the oral arguments presented at the hearing. Accordingly, for the reasons more fully explained below, the Court finds Defendants' Motion [Doc. 26] well taken, in part.

During the hearing in this matter, Defendants explained that there are approximately ten similar cases where they used Requests for Admission to streamline discovery. Defendants stated that their Requests for Admission inquire about certain documents and contracts and communications with timeshare relief companies. Defendants maintained that Rule 36 is self-executing. Defendants stated that Plaintiffs responded to a portion of the Requests for Admission on or about January 30, 2019, after the instant Motion was filed. Defendants acknowledged that the Requests for Admission that Plaintiffs had not responded to generally relate to communications and/or contact with other timeshare relief companies. Defendants state that they inquired about such communications for impeachment purposes.

Plaintiffs acknowledge that they did not respond to the Requests for Admission within the thirty (30) days as provided under Rule 36. Plaintiffs submitted that they were not required to respond to the Requests for Admission because they are improper and were served to harass Plaintiffs. Plaintiffs disputed Defendants' claim that they (Defendants) are trying to streamline discovery and stated that Defendants are using the Requests for Admission to sue timeshare relief companies. Plaintiffs stated that they responded to the Requests for Admission that seek facts, but they did not respond to the Requests for Admission that seek information relating to communications to timeshare relief companies. Plaintiffs argued that Rule 36 is not self-executing and that the Requests for Admission are not proportional to the needs of this case.

The Court will begin with Rule 36. Specifically, Rule 36(a) provides as follows:

> **(3)** *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Under Rule 36(b), a request for admission that is not responded to within the applicable time period "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997) (citing Fed. R. Civ. P. 36(b)); *but see U.S. v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (noting that the "failure to respond in a timely fashion does not require the court automatically to deem all matters admitted") (citing *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1312 (8th Cir. 1983)).[2]

In the instant matter, Defendants assert that the Requests for Admission were served on or about September 25, 2018, and that that responses were due on or about October 25, 2018. Plaintiffs have not disputed this statement. Plaintiffs argue that they were not required to respond because the Requests for Admission are improper and not proportional to the needs of this case. Plaintiffs' argument flies in the face of Rule 36, which explicitly states, "The grounds for objecting to a request *must* be stated." *See* Fed. R. Civ. P. 36(a)(5) (Emphasis added). Simply ignoring discovery requests is rarely, if ever, proper. Because Plaintiffs did not respond within thirty days, the Requests for Admission are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3); *see also Brady v. Stone*, No. 08-13463, 2010 WL 2870208, at *12 (E.D. Mich. July 21, 2010) ("As Plaintiff has

---

[2] The Court notes that in *Petroff-Kline*, the plaintiff sent the responses 33 days after the requests were served—three days beyond the 30 day timetable prescribed in Rule 36. *Petroff-Kline*, 557 F.3d at 293.

failed to answer or object to Defendants' requests for admission, the Court will deem the matters within the requests admitted pursuant to Rule 36.").

In Plaintiffs' Response, however, they assert that they have responded to the first thirteen (13) Requests for Admission. The Sixth Circuit has explained that "a withdrawal 'may be imputed from a party's actions,' including the filing of a belated denial." *Petroff-Kline*, 557 F.3d at 293 (quoting *Chancellor v. City of Detroit,* 454 F. Supp. 2d 645, 666 (E.D. Mich. 2006)); *see also Kerry Steel, Inc.,* 106 F.3d at 154 (explaining that the defendant did not file a formal motion to withdraw but argued at a hearing that the requests for admission should not be deemed admitted, and the court construed the defendant's argument as an oral motion); *Baker v. Cty. of Missaukee*, No. 1:09-CV-1059, 2013 WL 5786899, at *9 (W.D. Mich. Oct. 28, 2013) (noting that the defendants did not file a motion to withdraw their admissions although they provided the responses eight days after the responses were due).

Rule 36(b) provides as follows:

> **(b) Effect of an Admission; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b); *see also Vangel v. Szopko*, No. 12-15312, 2013 WL 5775463, at *5 (E.D. Mich. Oct. 25, 2013) (explaining that Rule 36(b) permits withdrawal when the presentation of the merits will be subserved thereby and when the party who obtained the admission fails to establish that withdrawal will result in prejudice).

With respect to the first prong (*i.e.,* presentation of the merits), "the movant has the burden to show that upholding the admission would practically eliminate any presentation on the merits of the case." *Lanton v. Ocwen Loan Servicing, LLC*, No. 3:15-CV-372, 2017 WL 1386375, at *2 (S.D. Ohio Apr. 17, 2017) (other citations omitted). With respect to prejudice, the non-movant must show that it would be prejudiced by withdrawal or amendment. *Id.* Courts have further explained that prejudice "is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Id.* (citing *Kerry Steel*, *Inc.,* 106 F.3d at 154) (other citations omitted). Instead, prejudice under Rule 36(b) "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Id.* (citing *Kerry Steel*, *Inc.,* 106 F.3d at 154) (other citations omitted). Finally, a "district court has considerable discretion over whether to permit withdrawal or amendment of admissions." *Kerry Steel, Inc.,* 106 F.3d at 154 (quoting *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991)).

As mentioned above, Plaintiffs partially (and belatedly) responded to the Requests for Admission. The parties acknowledged at the hearing that the Requests for Admission that Plaintiffs responded to relate to when Plaintiffs attended a sales presentation, when Plaintiffs purchased timeshare points, authentication of documents, number of points purchased, and so forth. The Court finds that both parties will need to determine when Plaintiffs attended the sales presentation, how many timeshare points were purchased, and what documents Plaintiffs signed, or did not sign. Given that such inquiries promote the presentation of facts without hindering Plaintiffs' ability to present the merits of their case, the Court will construe Plaintiffs' belatedly response as amendments and accept Plaintiffs' responses to the Requests for Admission. Further, Defendants have not identified any prejudice in allowing the responses to the Requests for

Admission other than their untimeliness. The Court notes, however, that the parties have sufficient time to conduct discovery in this matter, and the Court does not find Defendants will be prejudiced by allowing Plaintiffs' belated responses to be construed as amendments to the Requests for Admission.

With respect to the Requests for Admission that were not responded to, and have not been responded to, the Court finds that by operation of Rule 36, these are also deemed admitted. In their Response, Plaintiffs generally argue that "no further Requests for Admission should be deemed admitted." Plaintiffs do not address whether such admissions will affect the presentation of the merits, but instead, argue that they had no obligation to respond. As explained above, the Court disagrees with Plaintiffs' position. The Court has reviewed the unanswered Requests for Admission, and it is unclear if such admissions will affect the presentation of the merits. Because Plaintiffs have not met their burden on this issue, the Court deems all unanswered Requests for Admissions admitted.

### III. CONCLUSION

Accordingly, for the reasons set forth above, Defendants' Motion to Deem Requests for Admission to Plaintiffs Admitted [**Doc. 26**] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

        ENTER:

        */s/ Debra C. Poplin*
        Debra C. Poplin
        United States Magistrate Judge